[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12425
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cv-02495-MAP

LEAH LEIGH,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____
(November 14, 2012)

Before TJOFLAT, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Leah Leigh applied for disability insurance benefits under Titles II and XVIII of the Social Security Act ("SAA"), asserting that she became unable to work due to her disabling condition on June 10, 1994.  After a series of proceedings, an Administrative Law Judge ("ALJ") found her not disabled.[1]  After the Commissioner denied the requested benefits, Leigh appealed to the District Court.  She now appeals the District Court's order affirming the Commissioner's decision.  At issue is whether substantial evidence supported the ALJ's finding that Leigh could perform a significant number of existing jobs in the national economy based on the testimony of a vocational expert ("VE").

The ALJ posed a hypothetical question to a VE about whether a claimant with Leigh's impairments, which limited her to "simple, routine, repetitive tasks", could perform jobs in the United States.  The VE testified that such a person could work as a small parts assembler, a ticket seller, and a file clerk or office helper. The ALJ relied on the VE's testimony in finding that Leigh could perform other jobs in the United States and, thus, was not disabled.

---

[1] The ALJ's findings regarding Leigh's ailments are not contested.  The ALJ found that Leigh suffered from carpal tunnel syndrome and lateral epicondylitis of the upper right extremity, degenerative changes of the left ankle, cervical sprain with some degenerative disease, irregularities at the coccyx, asthma, gastroesophageal reflux disease, hepatis C, irritable bowell syndrome, and adjustment disorder with depressed mood.

On appeal, Leigh argues that the VE's testimony conflicted with the Dictionary of Occupational Titles ("DOT") because the required reasoning levels for the three jobs the VE identified did not conform to the limitation that she could only perform simple, routine, repetitive tasks.  She argues that, under Social Security Ruling 00-4p ("SSR 00-4p"), the ALJ had a duty to investigate whether the VE's testimony was consistent with the DOT or not.

Our task, here, is to determine whether the ALJ's decision is supported by substantial evidence and is based upon proper legal standards.  *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).  Eligibility for disability insurance benefits requires that the claimant is under a disability.  42 U.S.C. § 423(a)(1)(E).  In order to determine whether a claimant is disabled, the SAA applies a 5-step sequential evaluation.  20 C.F.R. § 404.1520(a).  This process includes an analysis of whether the claimant: (1) is unable to engage in substantial gainful activity; (2) has a severe medically determinable physical or mental impairment; (3) has such an impairment that meets or equals a Listing and meets the duration requirements; (4) can perform his past relevant work, in light of his residual functional capacity; and (5) can make an adjustment to other work, in light of his residual functional capacity, age, education, and work experience.  20 C.F.R. § 404.1520(a)(4).

As to the fifth prong, the Commissioner bears the burden of showing that, in light of the claimant's residual functional capacity and other factors, a significant number of jobs that the claimant can perform exist in the national economy. *Winschel*, 631 F.3d at 1180; 20 C.F.R. § 404.1520(a)(4)(v). If such jobs exist, then the claimant is not disabled. *See* 20 C.F.R. § 404.1520(a)(4)(v).

An ALJ may make this determination by posing hypothetical questions to a VE. *See Winschel*, 631 F.3d at 1180. In fact, an ALJ may rely solely on the testimony of a VE in making this determination. *Jones v. Apfel*, 190 F.3d 1224, 1230 (11th Cir. 1999). For the testimony of a VE to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id.* at 1229. If there is a conflict between the DOT and the jobs identified by a VE in response to the hypothetical question, the testimony of the vocational expert "trumps" the DOT because "the DOT is not the sole source of admissible information concerning jobs." *Id.* at 1229-30 (quotation omitted). The DOT is not comprehensive, and the SSA does not consider it to be dispositive. *Id.* at 1230. Further, a VE is "an expert on the kinds of jobs an individual can perform based on his or her capacity and impairments." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004).

4

SSR 00-4p states that when a VE provides evidence about the requirements of a job or occupation, the ALJ has an affirmative responsibility to ask about any possible conflict between that VE's testimony and the DOT.  SSR 00-4p.  When the VE's testimony is inconsistent with the DOT, the ALJ must resolve this conflict before relying on the VE to determine whether the individual is or is not disabled.  *Id.*

Here, in response to the ALJ's hypothetical question concerning a claimant with the same impairments and limitations as Leigh, the VE opined that Leigh could work as a small parts assembler, a ticket seller, and a file clerk or office helper.  *See Phillips*, 357 F.3d at 1240; *Jones*, 190 F.3d at 1229.  The ALJ asked the VE if there were any inconsistencies between his opinion and the DOT, and the VE responded that there were not.  Further, Leigh did not offer any evidence controverting the VE's opinion, nor did she object to the opinion.  Even assuming that there was an inconsistency between the VE's opinion and the DOT, the ALJ did not err in relying on the VE's opinion to determine that Leigh was not disabled.  *See Jones*, 190 F.3d at 1229-30 (explaining that the testimony of a VE trumps the DOT where there is an inconsistency).  Because there was no apparent inconsistency between the VE's opinion and the DOT, the ALJ's decision is supported by substantial evidence.  The District Court's judgment is, accordingly,

AFFIRMED.